UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



07 CIV 8687

------------------------------------------------------------x
U.S. UNDERWRITERS INSURANCE COMPANY,                CIV:

                Plaintiff,

                                                               **COMPLAINT**

   -against-

ABYSSINIAN DEVELOPMENT CORPORATION, A. L.
EASTMOND & SONS, INC., EASTMOND & SONS
BOILER REPAIR & WELDING SERVICE, INC., TEAMS
HOUSING DEVELOPMENT FUND COMPANY,
DESIREE BRAITHWAITE,

                Defendants.
------------------------------------------------------------x

       Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. UNDERWRITERS"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, complaining of the defendants, alleges, upon information and belief, as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff was and still is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania.

2. At all times hereinafter mentioned, plaintiff was authorized to issue policies of insurance in the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, Defendant Abyssinian Development Corporation ("Abyssinian") is a domestic not-for-profit corporation organized under and existing by virtue of the laws of the State of New York, with a business office at 131 West 138th St., New York 10030.

4. Upon information and belief, at all times hereinafter mentioned, defendant A. L. Eastmond & Sons, Inc. ("Eastmond") is a domestic corporation organized under and existing by virtue of the laws of the State of New York having a business office at 1175 Leggett Avenue, Bronx, New York 10474.

5. Upon information and belief, at all times hereinafter mentioned, defendant Eastmond & Sons Boiler Repair & Welding Service, Inc. ("Boiler Repair") is a domestic corporation organized under and existing by virtue of the laws of the State of New York with a business office at 1175 Leggett Avenue, Bronx, New York, 10474.

6. Upon information and belief, at all times hereinafter mentioned, defendant Teams Housing Development Fund Company ("Teams") is a domestic corporation organized under and existing by virtue of the laws of the State of New York with a business office at 175 West 137th Street, New York 10030.

7. Upon information and belief, at all times hereinafter mentioned, defendant Desiree Brathwaite was and still is a resident of 174 West 137th Street, New York 10030.

## JURISDICTION

8. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the claim arose in this district.

9. A controversy exists between the parties as to the coverage afforded under U.S. Underwriters' policy of insurance number CL 3080183A, as well as the provisions of said policy.

10. Plaintiff has no adequate remedy at law.

## THE POLICY

11. U.S. Underwriters Insurance Company issued a Commercial Liability Policy, policy number CL 3080183A, to Abyssinian for the policy period October 27, 2005 to October 27, 2006, which affords coverage in accordance to its terms, provisions, and conditions (the "Policy").

## THE UNDERLYING ACTION

12. On or about April 8, 2006, a lawsuit was filed in the Supreme Court of the State of New York, County of Bronx, entitled, <u>Desiree Brathwaite v. A.L. Eastmond & Sons, Inc., Eastmond & Sons Boiler Repair & Welding Service, Inc. & Abyssinian Development Corporation</u>, Index Number: 8587/06, seeking damages for alleged bodily injuries sustained by Ms. Brathwaite as a result of her fall on February 21, 2006 ("the Underlying Personal Injury Action").

13. It is alleged in the Underlying Personal Injury Action that on or about February 21, 2006, Desiree Brathwaite, while lawfully upon the street in front of 175-179 West 137th Street, New York, New York, was caused to slip and fall on ice.

14. U.S. Underwriters has retained counsel to represent Abyssinian in the Underlying Personal Injury Action reserving all rights and defenses to coverage under the Policy until an adjudication can be made regarding the rights and responsibilities under the insurance contract by this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 14 as if fully set forth at length herein.

16. Defendant Abyssinian owns property located at 179 West 137th St., New York, NY.

17. Defendant Teams own property located at 175 West 137th St., New York, NY.

18. The two buildings shared one set of utilities, located within 175 West 137th St., New York, NY.

19. Some time in 2003, their boiler system broke down and defendant Eastmond was contacted to provide a mobile boiler for the premises.

20. In the Underlying Personal Injury Action, Desiree Brathwaite claims to have slipped and fallen on ice formed by a leak from the boiler.

21. Abyssinian's liability policy with U.S. Underwriters states in pertinent part as follows:

### INDEPENDENT CONTRACTORS EXCLUSION

I    It is agreed that this policy shall not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of operations performed for any insured by independent contractors or acts or omissions of any insured by independent contractors or acts or omissions of any insured in connection with their general supervision of such operations.

II    As respects this exclusion solely, **Section IV. Commercial General Liability Conditions, item 7. Separation of Insureds** is deleted in its entirety and replaced with the following:

    **7.    Separation of Insureds**

    Except with respect to the Limits of Insurance, this Independent Contractors Exclusion, and to any rights or duties specifically assigned in this coverage part to the first Named Insured, this insurance applies:

    a.    As if each Named Insured were the only Named Insured; and

    b.    Separately to each insured against whom claim is made or "suit" is brought

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

22. The Policy exclusion states that there is no coverage for bodily injury arising out of operations performed for any insured by independent contractors, or acts or omissions of any insured by independent contractors or acts or omissions of any insured in connection with their general supervision of operations performed by independent contractors.

23. The bodily injuries claimed in the Underlying Personal Injury Action are a result of the water leaks coming from the mobile boiler.

24. Eastmond is an independent contractor hired to install and maintain the mobile boiler.

25. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend and indemnify Abyssinian with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

26. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify Eastmond, Boiler Repair, Teams, or Desiree Braithwaite with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the complaint numbered 1 through 26 as if fully set forth at length herein.

28. The exclusions section of the Policy provides in pertinent part:

   2.   **Exclusions**

   This insurance does not apply to:

   b.   **Contractual Liability**

   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

5

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purpose4s of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

  (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

  (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

29. "Insured contract" is defined in the Policy in the Contractual Liability Limitation Endorsement as follows:

"Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract".
b. A sidetrack agreement;
c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
e. An elevator maintenance agreement.

30. Coverage for claims stemming from an assumption of liability by Abyssinian in any contract with Teams and/or Eastmond would be precluded under the above cited policy provisions.

31. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend and indemnify Abyssinian with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

32. By reason of the foregoing, U.S. Underwriters is entitled to a declaration that it has no duty to defend or indemnify Eastmond, Boiler Repair, Teams, or Desiree Braithwaite with respect to any and all claims made and suits brought in the Underlying Personal Injury Action.

**WHEREFORE**, plaintiff U.S. UNDERWRITERS INSURANCE COMPANY prays that judgment be made and entered herein:

(a) declaring that plaintiff is not obligated to defend and/or indemnify Abyssinian, Eastmond, Boiler Repair, Teams, or Desiree Braithwaite under U.S. UNDERWRITERS liability policy number CL 3080183A, with respect to the claims in the Underlying Personal Injury Action; and

(b) granting to plaintiff such other and further relief as to this Court may deem just, proper, and equitable under the circumstances, together with the costs and disbursements of this action.

DATED:   Mineola, New York
         October 8, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Plaintiff
**U.S. UNDERWRITERS
INSURANCE COMPANY**

By: _____
Steven Verveniotis (SV 8800)
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No.: 07-517