UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

U.S. UNDERWRITERS INSURANCE     :
COMPANY,            :   No. 07-cv-8687 (WHP)
                :
        Plaintiff,    :   **ANSWER**
                :
     -against-       :
                :
ABYSSINIAN DEVELOPMENT     :
CORPORATION, A.L. EASTMOND & SONS,   :
INC., EASTMOND & SONS BOILER REPAIR &   :
WELDING SERVICE,        :
                :
        Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Abyssinian Development Corporation ("ADC"), by its attorneys, Windels Marx Lane & Mittendorf, LLP, hereby answers the complaint of Plaintiff U.S. Underwriters Insurance Company (the "Complaint"), as set forth below:

    1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

    2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

    3.   Denies the allegations of paragraph 3 of the Complaint, except admits that ADC is a domestic not-for-profit corporation organized pursuant to the laws of the State of New York with offices located in New York, New York.

    4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

    5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      States that the allegations of paragraph 8 of the Complaint set forth legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations contained therein.

9.      Denies the allegations of paragraph 9 of the Complaint.

10.     Denies the allegations of paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, admits that U.S. Underwriters Insurance Company issued a Commercial Liability Policy and states that the policy is a written document and its terms, conditions and provisions speak for themselves.

12.     Denies the allegations of paragraph 12 of the Complaint, except admits that defendant Desiree Brathwaite initiated an action entitled *Desiree Brathwaite v. A.L. Eastmond & Sons, Inc., Eastmond & Sons Boiler Repair & Welding Service, Inc. and Abyssinian Development Corporation*, Index Number 8587/06 (the "Underlying Action"), and respectfully refers the Court to the Complaint filed in the Underlying Action for the contents and allegations thereof.

13.     Denies the allegations of paragraph 13 of the Complaint and respectfully refers the Court to the Complaint filed in the Underlying Action for the contents and allegations thereof.

14.     Denies the allegations of paragraph 14 of the Complaint, except admits that counsel for ADC has been retained in the Underlying Action.

15.    In response to paragraph 15 of the Complaint, repeats each and every response to paragraphs 1 through 14.

16.    Denies the allegations of paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.    Denies the allegations of paragraph 18 of the Complaint, except admits that the two buildings shared heat and hot water utilities.

19.    Denies the allegations contained in paragraph 19 of the Complaint.

20.    Denies the allegations of paragraph 20 of the Complaint and respectfully refers the Court to the Complaint filed in the Underlying Action for the contents and allegations thereof.

21.    Denies the allegations of paragraph 21 of the Complaint and states that the policy is a written document and its terms, conditions and provisions speak for themselves.

22.    Denies the allegations of paragraph 22 of the Complaint and states that the policy is a written document and its terms, conditions and provisions speak for themselves.

23.    Denies the allegations of paragraph 23 of the Complaint and respectfully refers the Court to the Complaint filed in the Underlying Action for the contents and allegations thereof.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.    Denies the allegations of paragraph 25 of the Complaint.

26.    Denies the allegations of paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, repeats each and every response to paragraphs 1 through 26.

28.     Denies the allegations of paragraph 28 of the Complaint and states that the policy is a written document and its terms, conditions and provisions speak for themselves.

29.     Denies the allegations of paragraph 29 of the Complaint and states that the policy is a written document and its terms, conditions and provisions speak for themselves.

30.     Denies the allegations of paragraph 30 of the Complaint and states that the policy is a written document and its terms, conditions and provisions speak for themselves.

31.     Denies the allegations of paragraph 31 of the Complaint.

32.     Denies the allegations of paragraph 32 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33.     Plaintiff is estopped from denying its duties to defend and indemnify ADC due to Plaintiff's failure to give written notice of its intent to disclaim as soon as was reasonably possible.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34.     Plaintiff waived its right to disclaim its duty to defend and indemnify ADC pursuant to the policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35.     The Complaint fails to state any claims upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred because the policy exclusions set forth in the Complaint are not implicated by the Complaint in the Underlying Action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38.    Defendant reserves the right to assert additional defenses that may be identified in discovery or otherwise.

**WHEREFORE**, Defendant Abyssinian Development Corporation respectfully requests that the Court enter judgment as follows:

a.    Dismissing the Complaint in its entirety;

b.    Declaring that plaintiff U.S. Underwriters Insurance Company is obligated to defend and indemnify ADC with respect to the claims in the Underlying Action; and

c.    Such other and further relief the Court deems just and proper.

Dated: November 5, 2007
New York, New York

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
Stephen M. DeHoff (SD-3213)
156 West 56th Street
New York, New York  10019
(212) 237-1000
*Attorneys for Defendant Abyssinian Development Corporation*

To:    Steven Verveniotis, Esq.
MIRANDA SOKOLOFF
SAMBURSKY SLONE VERVENIOTIS, LLP
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
*Attorney for Plaintiff*
*U.S. Underwriters Insurance Company*