UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

U.S. UNDERWRITERS INSURANCE COMPANY,

                              Plaintiff,

   --against--

ABYSSINIAN DEVELOPMENT CORPORATION, A.L.
EASTMOND & SONS, INC., EASTMOND & SONS
BOILER REPAIR & WELDING SERVICE, INC., TEAMS
HOUSING DEVELOPMENT FUND COMPANY,
DESIREE BRAITHWAITE,

                              Defendants.
-----------------------------------------------------------------------------X

**VERIFIED ANSWER AND CROSS-CLAIMS**

Case No.: 07 CIV 8687 (WP)

       Defendant DESIREE BRAITHWAITE, by her attorneys, FISCHER & BURSTEIN, P.C., answering plaintiff's Complaint respectfully states and alleges, as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

       6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Admits the allegations contained in paragraph "7" of the Complaint.

8. Denies each and every allegation contained in paragraph "8" of the Complaint herein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies each and every allegation contained in paragraph "10" of the Complaint herein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Admits the allegations contained in paragraph "12" of the Complaint.

13. Admits the allegations contained in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

**AS AND FOR AN ANSWER TO THE ALLEGE FIRST CAUSE OF ACTION**

15. Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" above with the same force and effect as though set forth fully and at length herein.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint

20. Admits the allegations contained in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Admits the allegations contained in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Complaint herein.

26. Denies each and every allegation contained in paragraph "26" of the Complaint herein.

**AS AND FOR AN ANSWER TO THE ALLEGE SECOND CAUSE OF ACTION**

27. Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" above with the same force and effect as though set forth fully and at length herein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32. Denies each and every allegation contained in paragraph "32" of the Complaint herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. The Court lacks jurisdiction over the answering defendant herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. This Court lacks subject matter jurisdiction inasmuch as Plaintiff has failed to join a necessary party to the subject action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. The Court lacks jurisdiction over this action in that plaintiff's complaint alleges jurisdiction based on diversity of citizenship, and it is not clear to a legal certainty from the face of the complaint that the amount actually in controversy in this action exceeds the jurisdictional requirement of $75,000, exclusive of interests and costs.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

37. The causes of action alleged by the plaintiff in the Complaint are not maintainable because the claims on which this answering defendant is sought to be held liable is based on an insurance contract solely between the plaintiff and co-defendant ABYSSINIAN DEVELOPMENT CORPORATION. There is no written contract by and between the plaintiff and defendant DESIREE BRAITHWAITE, as required in order to be enforceable under the provisions of the statute of frauds.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

38. The court should not review the claims alleged by the plaintiff in the Complaint herein in that said claims are ripe and not justiciable.

**AS AND FOR A FIRST CROSS-CLAIM
AGAINST DEFENDANT ABYSSINIAN DEVELOPMENT CORPORATION**

39. If plaintiff recovers any verdict or judgment against this answering defendant, defendant DESIREE BRAITHWAITE demands indemnity and/or contribution, including reasonable counsel fees and disbursements necessary to defend this action from co-defendant ABYSSINIAN DEVELOPMENT CORPORATION.

**AS AND FOR A FIRST CROSS-CLAIM
AGAINST DEFENDANT A.L. EASTMOND & SONS, INC.**

40. If plaintiff recovers any verdict or judgment against this answering defendant, defendant DESIREE BRAITHWAITE demands indemnity and/or contribution, including reasonable counsel fees and disbursements necessary to defend this action from co-defendant A.L. EASTMOND & SONS, INC.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST
<u>DEFENDANT EASTMOND & SONS BOILER REPAIR & WELDING SERVICE, INC.</u>**

41.    If plaintiff recovers any verdict or judgment against this answering defendant, defendant DESIREE BRAITHWAITE demands indemnity and/or contribution, including reasonable counsel fees and disbursements necessary to defend this action from co-defendant EASTMOND & SONS BOILER REPAIR & WELDING SERVICE, INC.

**AS AND FOR A FIRST CROSS-CLAIM
<u>AGAINST DEFENDANT TEAMS HOUSING DEVELOPMENT FUND COMPANY</u>**

42.    If plaintiff recovers any verdict or judgment against this answering defendant, defendant DESIREE BRAITHWAITE demands indemnity and/or contribution, including reasonable counsel fees and disbursements necessary to defend this action from co-defendant TEAMS HOUSING DEVELOPMENT FUND COMPANY.

WHEREFORE, defendant DESIREE BRAITHWAITE respectfully demands that judgement be entered herein as follows:

(a)    Dismissing the Complaint herein in its entirety;

(b)    Granting defendant DESIREE BRAITHWAITE judgment against the Plaintiff for the costs, disbursements of this action;

(c)    Granting defendant DESIREE BRAITHWAITE judgment for legal fees against the plaintiff herein in an amount to be determined by this Court; or alternatively, if the complaint shall not be dismissed,

(d)    Granting the cross-complaining defendant, DESIREE BRAITHWAITE's judgment over and against co-defendants ABYSSINIAN DEVELOPMENT CORPORATION,

A.L. EASTMOND & SONS, INC., EASTMOND & SONS BOILER REPAIR & WELDING SERVICE, INC., and TEAMS HOUSING DEVELOPMENT FUND COMPANY, and each of them, for the amount of any verdict or judgment which may be recovered by plaintiff U.S. UNDERWRITERS INSURANCE COMPANY against said cross-complaining defendant or, alternatively, a determination of the respective degrees of culpable acts and for judgment over and against co-defendants ABYSSINIAN DEVELOPMENT CORPORATION, A.L. EASTMOND & SONS, INC., EASTMOND & SONS BOILER REPAIR & WELDING SERVICE, INC., and TEAMS HOUSING DEVELOPMENT FUND COMPANY in accordance therewith, together with costs and disbursements hereof, plus any and all attorneys' fees; and

   (e)  For such other, further, and different relief as this Court may seem just and proper.

Dated: New York, New York
     November 6, 2007

                     Yours, etc.,

                     FISCHER AND BURSTEIN, P.C.

                     By: S/_____
                        Frank D. Savinon (FS-2052)
                     Attorneys for Defendant
                     DESIREE BRAITHWAITE
                     350 Fifth Avenue, Suite 3120
                     New York, New York 10118
                     (212) 268-7900

TO: MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
    Attorneys for Plaintiff
    U.S. UNDERWRITERS INSURANCE COMPANY
    240 Mineola Boulevard
    Mineola, New York 11501
    Attn.: Steven Verveniotis

ABYSSINIAN DEVELOPMENT CORPORATION
Defendant, Pro Se
131 West 138th Street
Bronx, New York 10030

A. L. EASTMOND & SONS, INC.
Defendant, Pro Se
1175 Leggett Avenue
Bronx, New York 10474

EASTMOND & SONS BOILER REPAIR & WELDING SERVICE, INC.
Defendant, Pro Se
1175 Leggett Avenue
Bronx, New York 10474

TEAMS HOUSING DEVELOPMENT FUND COMPANY
Defendant, Pro Se
175 West 137th Street
Bronx, New York 10030

**ATTORNEY'S AFFIRMATION**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK  )

                    Re:  U.S. Underwriters Insurance Company
                            v. Desiree Braithwaite, et al
                            Case No.: 07 CIV 8687

      FRANCISCO D. SAVINON, JR., an attorney admitted to practice in the Courts of this State, being a member of the law firm of FISCHER & BURSTEIN, P.C., the attorneys for defendant Desiree Braithwaite in the within entitled action, affirms under the penalty of perjury and pursuant to Rule 11 of the Federal Rules of Civil Procedure, that he has read the foregoing Verified Answer and Cross-Claims and knows the contents thereof and the same is true to the knowledge of your affirmant, except as to the matters herein stated to be alleged upon information and belief and that as to those matters he believes them to be true.

      Affirmant further states that the reason why these papers are not being verified by the plaintiff is that the said plaintiff upon information and belief does not reside within the County wherein affirmant has his office. That on the grounds of affirmant's belief as to all matters not therein stated to be alleged upon his knowledge are based upon his review of the file contained in our office.

Dated: New York, New York
      November 6, 2007

                                                S/_____
                                                FRANCISCO D. SAVINON, JR.