UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

U.S. UNDERWRITERS INSURANCE COMPANY

**07 CIV 8687**

Plaintiffs

-against-

**ANSWERS TO
PLAINTIFF'S
COMPLAINT AND
BRAITHWAITE'S CROSS-
CLAIM AND CROSS-
CLAIMS AGAINST
ABYSSINIAN AND TEAMS**

ABYSSINIAN DEVELOPMENT CORPORATION, A.L.
EASTMOND & SONS, INC., EASTMOND & SONS
BOILER REPAIR & WELDING SERVICES, INC.,
TEAMS HOUSING DEVELOPMENT FUND
COMPANY, DESIREE BRAITHWAITE,

Defendants.

-------------------------------------------------------------------- X

Defendants A.L. EASTMOND & SONS, INC., and EASTMOND & SONS BOILER

REPAIR & WELDING SERVICES, INC., (collectively "Eastmond") by and through their

attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for their

Answers to Plaintiffs' Complaint and Desiree Braithwaite's Cross-claim herein, respectfully set

forth as follows:

FIRST:  The Answering Defendants deny having knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph "1".

SECOND:  The Answering Defendants deny having knowledge or information sufficient

to form a belief as to the truth of the allegations contained in paragraph "2".

THIRD:  The Answering Defendants deny having knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph "3".

FOURTH: Admit.

FIFTH: Admit.

SIXTH:  The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6".

SEVENTH:    The Answering Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7".

### JURISDICTION

EIGHTH:  The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "8", except denies having knowledge or information to form a belief as to whether the amounts in controversy is in excess of $75,000 or that complete diversity of citizenship exists.

NINTH:  The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "9".

TENTH:  The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "10".

### THE POLICY

ELEVENTH:   The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "11".

### THE UNDERLYING ACTION

TWELFTH: Admit.

THIRTEENTH: Admit.

FOURTEENTH:  The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "14".

### AS AND FOR A FIRST CAUSE OF ACTION

FIFTEENTH: In response to paragraph "15" of the plaintiff's complaint, the answering Defendants repeat, reiterate and reallege each and every admission or denial heretofore made in

2

response to paragraphs "1" through "14" with the same force and effect as though fully set forth therein in response to paragraph "15" of the plaintiff's complaint.

SIXTEENTH: The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "16".

SEVENTEENTH: The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "17".

EIGHTEENTH: The Answering Defendants deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "18".

NINTEENTH: The Answering Defendants deny each and every allegation contained in paragraph "19", except admits that Eastmond had a contract to provide certain mobile boiler equipment in effect on February 21, 2006.

TWENTIETH: The Answering Defendants deny each and every allegation contained in paragraph "20", except admits that Desiree Brathwaite claims to have slipped and fallen on ice.

TWENTY-FIRST: The Answering Defendants deny each and every allegation contained in paragraph "21", and refers to Abyssinian's liability policy for the language contained therein.

TWENTY-SECOND: The Answering Defendants deny each and every allegation contained in paragraph "22".

TWENTY-THIRD: The Answering Defendants deny each and every allegation contained in paragraph "23".

TWENTY-FOURTH: The Answering Defendants deny each and every allegation contained in paragraph "24".

TWENTY-FIFTH: The Answering Defendants deny each and every allegation contained in paragraph "25".

1840759.1

TWENTY-SIXTH:   The Answering Defendants deny each and every allegation contained in paragraph "26".

## AS AND FOR A SECOND CAUSE OF ACTION

TWENTY-SEVENTH: In response to paragraph "27" of the plaintiff's complaint, the answering Defendants repeat, reiterate and reallege each and every admission or denial heretofore made in response to paragraphs "1" through "26" with the same force and effect as though fully set forth therein in response to paragraph "27" of the plaintiff's complaint.

TWENTY-EIGHTH:   The Answering Defendants deny each and every allegation contained in paragraph "28", and refers to Abyssinian's liability policy for the language contained therein.

TWENTY-NINTH:   The Answering Defendants deny each and every allegation contained in paragraph "29", and refers to Abyssinian's liability policy for the language contained therein.

THIRTIETH:  The Answering Defendants deny each and every allegation contained in paragraph "30".

THIRTY-FIRST:   The Answering Defendants deny each and every allegation contained in paragraph "31".

THIRTY-SECOND: The Answering Defendants deny each and every allegation contained in paragraph "32".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-THIRD:   Plaintiff is estopped from denying its duties to defend and indemnify Eastmond and/or Abyssinian due to Plaintiff's failure to provide timely written notice to Eastmond of its intent to disclaim.

4

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  Upon information and belief, Plaintiff waived its right to disclaim its duty to defend and indemnify Eastmond and/or Abyssinian pursuant to the policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-FIFTH:    The Complaint fails to state any claim upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:    Upon information and belief, Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Upon information and belief, Plaintiff's claims are barred because the policy exclusions set forth in the Complaint are not implicated by the Complaint in the Underlying Action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:   This Court lacks subject matter jurisdiction over this action in that Plaintiff's Complaint alleges jurisdiction based on diversity of citizenship, and it is not clear to a legal certainty from the face of the complaint that the amount actually in controversy in this action exceeds the jurisdictional requirement of $75,000, exclusive of interests and costs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:    Defendant reserves the right to assert additional defense that may be identified in discovery or otherwise.

1840759.1

## AS AND FOR A FIRST CROSS-CLAIM AGAINST
## DEFENDANT ABYSSINIAN DEVELOPMENT CORPORATION

FORTIETH: If plaintiff recovers any verdict or judgment against this answering defendant, defendants Eastmond demand indemnity and/or contribution, including reasonable counsel fees and disbursements necessary to defend this action from co-defendant Abyssinian Development Corporation.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST
## DEFENDANT TEAMS HOUSING DEVELOPMENT FUND COMPANY

FORTY-FIRST:      If plaintiff recovers any verdict or judgment against this answering defendant, defendants Eastmond demand indemnity and/or contribution, including reasonable counsel fees and disbursements necessary to defend this action from co-defendant Teams Housing Development Fund Company.

## ANSWER TO CROSS-CLAIM ASSERTED BY DESIREE BRAITHWAITE
## AGAINST A.L. EASTMOND & SONS, INC. AND EASTMOND
## & SONS BOILER REPAIR & WELDING SERVICE, INC.

FORTY-SECOND:      The Answering Defendants deny each and every cross-claim contained in Desiree Braithwaite's Answer against Eastmond, which are set forth in paragraphs "40" and "41" of Desiree Braithwaite's Answer.

**WHEREFORE**, Eastmond, the Answering Defendants, demand judgment dismissing Plaintiff's Complaint herein, together with the costs and disbursements of the within action, including all attorney's fees; or alternatively, demands that any judgment obtained by the Plaintiff be reduced and apportioned as provided by law.  Further, Defendants Eastmond respectfully demand that judgment be entered in favor of its cross-claims against Abyssinian Development Corporation and Teams Housing Development Fund Company, and each of them, for the amount of any verdict or judgment which may be recovered by plaintiff U.S. Underwriters Insurance Company against said cross-claiming defendant or, alternatively, a

6

1840759.1

determination of the respective degrees of culpable acts and for judgment over and against co-defendants Abyssinian Development Corporation and Teams Housing Development Fund Company in accordance therewith, together with costs and disbursements hereof, plus any and all attorneys' fees and costs.  Eastmond also seeks such other and further relief as this Court finds just, proper and equitable

Dated:      White Plains, New York
            December 19, 2007

                    Yours, etc.,

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


            By:     Richard L. Reiter, Esq. (RR8786)
                    Guy Levasseur, Esq.
                    Attorneys for Answering Defendants
                    A.L. EASTMOND & SONS, INC.,
                    EASTMOND & SONS BOILER REPAIR &
                    WELDING SERVICES, INC.
                    3 Gannett Drive
                    White Plains, New York 10604
                    (914) 323-7000
                    File No. 10739.00013


TO:     Steven Verveniotis
        MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
        Attorneys for Plaintiff
        U.S. UNDERWRITERS INSURANCE COMPANY
        240 Mineola Boulevard
        Mineola, New York 11501

        Frank D. Savinon
        Attorneys for Defendant
        DESIREE BRAITHWAITE
        350 Fifth Avenue, Suite 3120
        New York, New York 10118
        (212) 268-7900

7

Stephen M. DeHoff
Windels Marx Lane & Mittendorf, LLP
Attorneys for Abyssinian Development Corporation
156 West 56th Street
New York, New York 10019

TEAMS HOUSING DEVELOPMENT FUND COMPANY
Defendant, Pro Se
175 West 137th Street
Bronx, New York 10030

1840759.1